Parker, J.
About March 15, 1886, the plaintiff made application for membership in defendant’s association to one 0. H. Forbes, an agent, at Brandon, Vermont.
Forbes produced an application, printed, which contained, among other things, a, statement that membership was “tobe based upon the following statement of facts, which I hereby warrant to be true.” Then follows a list of printed questions, among which, together with the written answers thereto, are the following:
Q. Occupation, if more than one, name them all? A. Hotel proprietor and commercial traveler.
Q. What are the duties required of you in that occupation ? A. As landlord and traveler ?
Q. Name of firm of which you are a member, or by whom are you employed ? A. O. A. Watson.
The answers to the questions were written by Forbes, the agent. About July 28th following, the plaintiff was accidently hurt, and subsequently he presented to the company proof of injury in which he claimed to be entitled to receive an indemnity and payment of twenty-five dollars a week, amounting in all to the sum of $350. The defendant refusing to pay, this action was brought.
The defendant by its answer, set up, among other things, that the plaintiff was not a hotel proprietor and commercial traveler, as represented in the application for insurance; that he was not connected with or employed by O. A. Watson in business, and that he was not disabled from attending to business.
The trial resulted in a verdict for the plaintiff in the sum of $175.
It was conceded upon the trial, that the plaintiff was not in the employ of 0. A. Watson.
With reference to the answer in the application asserting the contrary, the claim of the plaintiff on the trial was, that it was not his answer, that he did not so state to the agent, and he knew nothing about it, and that all answers *367 to questions were written in the application by defendants agent
The court in charging the jury said in substance, that if the plaintiff asked the agent to insert the name of Watson as the man for whom he was doing business as a commercial traveler, and it was untrue, it would be sufficient ground to defeat the action. If, however, it was in serted by mistake or inadvertance on the part of the agent making out the application, then it would not vitiate it.
The rule thus furnished the jury by the court, for their guidance .in the disposition of that question, was fully justified by numerous decisions. Rowley v. The Empire Insurance Co., 36 N. Y., 550; Mowry v. Rosendale, 74 id., 360, Flynn v. The Equitable Life Assurance Soc., 9 Week. Dig., 324.
Against defendant’s objection that the evidence was immaterial, plaintiff was permitted to testify that he did not state to defendant’s agent that he was in the employ of Watson. It was competent to prove, by paroi, the actual transaction between the insured and the defendant’s agent. Grattan v. Metropolitan Life Insurance Co., 80 N. Y., 294, and cases above cited.
The question was, perhaps, objectionable in form, but the defendant’s objection went to the materiality of the evidence sought to be elicited, and it is now too late for him to insist that the question and answer were incompetent, without further explanation by the plaintiff.
The evidence justified the court in submitting to the jury, for their determination, as to whether or not the other answers questioned were true, to wit, that he was a hotel proprietor and commercial traveler, also the question of disability and the extent of its duration.
These questions were fully and fairly presented in the charge made by the court, and the jury have found thereon in favor of the plaintiff. With such finding we see no occasion to differ.
Judgment affirmed, with costs.
Lahdokt, P. J., concurs; Fish, J., not acting.